IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter of: | Case No. 11-00124 (BKT) |
| CARLOS A. SANTIAGO<br>NILDA E. MIRANDA<br>SSN: xxx-xx-6630<br>SSN: xxx-xx-8552 | Chapter 13 |
| Debtors | |

OBJECTION TO CONFIRMATION OF DEBTORS' AMENDED CHAPTER 13
PLAN DATED DECEMBER 29TH 2011 (DOCKET NO. 16)

TO THE HONORABLE COURT:

COMES NOW, creditor POPULAR AUTO, INC., represented by the undersigned attorney and hereby objects to the amended chapter 13 plan on the following grounds:

1. On January 12th 2011, the above named debtors filed a Bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

2. Popular Auto is a creditor of the above named debtors pursuant to 11 U.S.C. §101(10) and therefore, a party in interest in the instant proceeding.

3. On September 24th 2010, debtors Carlos A. Santiago and Nilda E. Miranda subscribed with appearing creditor a Financial Lease Agreement, contract no. xx-xxx-xxxxx-xx-x3185, regarding a 2006 Honda Ridgeline. The contract is payable in thirty-six (36) consecutive monthly installments of $430.95 each, that will expire by its own terms on September 4th 2013.

Objection to Confirmation
Case No. 11-00124 (BKT)
By: Popular Auto
May 12, 2011
Page No. 2

4. Popular Auto filed the corresponding claim for its debt on January 31st 2011, in the amount of $905.00 (pre-petition arrears owed at filing date and not the pay-off balance to cancel the loan). <u>See</u> claim no. 3.

5. Debtors' amended Chapter 13 Plan dated December 29th 2011 (docket no. 16), calls for forty-five (45) payments of $505.00 for a total base of $22,725.00. The plan provides for the Trustee to pay attorney's fees in the amount of $1,300.00 through the plan; payment "In Full" to Banco Popular; the surrender of collateral to AEELA and Banco de Desarrollo; the assumption of a lease agreement with Popular Auto; and pro-rata distribution to all general unsecured creditors.

6. Section 1325(a)(1) of the Bankruptcy Code, 11 U.S.C. §1325(a)(1), clearly states that a plan shall be confirmed if "the plan complies with the provisions of this chapter and with the other applicable provisions of this title."[1] Section 365 of the Bankruptcy Code, infra, deals with the treatment of executory contracts and unexpired leases in bankruptcy (assumption, rejection, assignment, etc.).

7. The amended plan fails to comply with §365(a) and (b)(1)(A) of the Bankruptcy Code, 11 U.S.C. §365(a) and (b)(1)(A), that states as follows:

> (a) Except as provided in section 765 and 766 of this title and in subsections (b), (c), and (d) of this section, <u>the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor</u>.
> (b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the Trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the Trustee—
>   (A) <u>cures, or provides adequate assurance that the Trustee will promptly cure, such default;</u>

---

[1] Please refer also to §1322(b)(7) of the Bankruptcy Code.

Objection to Confirmation
Case No. 11-00124 (BKT)
By: Popular Auto
May 12, 2011
Page No. 3

(B) compensates, or provides adequate assurance that the Trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) <u>provides adequate assurance of future performance under such contract or lease.</u> (Emphasis added).

8. As §365(a), supra, clearly states the trustee[2] subject to the court's approval may assume or reject executory contracts or unexpired leases of the debtor. However, the assumption or rejection should be made by motion and shall be noticed to all parties in interest as required by Rule 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (FRBP).

9. Another possible alternative is the inclusion in their chapter 13 plan of a provision assuming or rejecting the lease in accordance with Rule 3015-2(a)(3) of the Puerto Rico Local Bankruptcy Rules (P.R. LBR). The debtors chose the latter and included in their amended plan a provision assuming the lease agreement with Popular Auto.

10. **Debtors' amended chapter 13 plan does not provide for the payment of the pre-petition arrears owed neither for direct payments to appearing creditor. In addition to the above stated, debtors have not made a single post-petition payment on the lease agreement to Popular Auto. The total amount in post-petition arrears is $1,810.00 ($430.95 + $21.55 [late charges] = $ 452.50 x 4).**

---

[2] Section 1303 of the Bankruptcy Code, 11 U.S.C. §1303, regarding the use, sale or lease of property; states that the debtor shall have in some specific circumstances the rights and powers of the trustee.

Case:11-00124-BKT13 Doc#:23 Filed:05/12/11 Entered:05/12/11 18:13:33 Desc: Main Document Page 4 of 5

Objection to Confirmation
Case No. 11-00124 (BKT)
By: Popular Auto
May 12, 2011
Page No. 4

    11.    Popular Auto submits that debtors' amended Chapter 13 Plan dated December 29th 2011, fails to comply with the requirements of §365(a) and (b)(1)(A) of the Bankruptcy Code.

WHEREFORE, creditor POPULAR AUTO, INC., respectfully requests this Honorable Court to deny approval of the amended plan for the reasons stated in the foregoing motion.

NOTICE IS HEREBY GIVEN THAT WITHIN TWENTY (20) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE OBJECTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (i) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF ITS AGAINST PUBLIC POLICY; (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on May 12th 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Joselyn M. Ramirez, Esq., Attorney for debtors; Mr. Jose R. Carrion Morales, Esq., Chapter 13 Trustee; and I hereby certify that I have mailed by the United States Postal Service the document to the following non CM/ECF participants: Mr. Carlos A. Santiago and Mrs. Nilda E. Miranda, Debtors, PO Box 2026, Ceiba, P.R. 00735.

Respectfully submitted in San Juan, Puerto Rico, this 12th day of May, 2011.

Objection to Confirmation
Case No. 11-00124 (BKT)
By: Popular Auto
May 12, 2011
Page No. 5

 

    **s/ EDGAR A. VEGA RIVERA**
    EDGAR A. VEGA RIVERA, ESQ.
    USDC- PR 212210
    Attorney for Popular Auto
    Consumer Bankruptcy Department
    PO Box 366818
    San Juan, Puerto Rico 00936-6818
    Tel. (787) 753-7849; Fax. (787) 751-7827
    E-mail: edvega@bppr.com